Elizabeth Ronker et al. v. I. L. St. John.

1. Wrongful Death—Rule as to Proximate Cause.

To warrant recovery of damages for death caused by wrongful act, the act assigned as the cause must be the proximate cause, with no act of decedent intervening or standing next and nearest to death. When the act of decedent intervenes and breaks the casual connection between the wrongful act complained of and the death, the act assigned cannot be said to have been the proximate cause.

. Rules Applied—Sale of Poison to Drunken Man.

Where a druggist sold strychnine to an intoxicated man, and neglected to put upon the package the label required by statute, as a notice and warning of its contents, and the purchaser, while still intoxicated, took the strychnine, from the effects of which he died, the act of selling the poison and neglecting to label it were not, either the one or the other, or both, the proximate cause of death; the proximate cause was the act of the man himself in taking the poison, and for which the druggist is not responsible in damages.

Heard on Error.

*A. Skransewfky* and *E. E. Williams*, for plaintiff in error.

*McCauley & Weller*, for defendant in error.

Norris, J.

Plaintiff in error, as the administratrix of the estate of John Ronker, commenced her action in the court of common pleas of this county to recover against the defendant, I. L. St. John, under sec. 6134, Rev. Stat., for causing the death of said Ronker by defendant's wrongful act, neglect and default.

After making formal averments in her petition, she tenders as the facts upon which she bases her right to recover, that Ronker, her decedent, was at periodical times in the habit of becoming intoxicated, which fact was well known to the defendant. That on May 12, 1899, in

the city of Tiffin, defendant was engaged in the business of selling drugs and medicines, and filling prescriptions. On that day Ronker, while in a state of intoxication, applied to the defendant for a certain poisonous drug known as strychnine. The defendant then well knew that Ronker was intoxicated, and he negligently sold the said poison to him. That he sold the strychnine to him, and negligently and unlawfully failed to put upon the package in which the poison was enclosed, a label having thereon in red ink the name by which the drug is commonly known, the warning emblem of the skull and cross bones, the word " caution " and " poison," and the names of two of the most readily obtainable and effective antidotes to the poison as the law provides. That Ronker, while in said intoxicated condition, after procuring the poison as recited, took the same, and from its effects he died.

Plaintiff says that by reason of said unlawful and negligent sale of said drug to Ronker while he was so intoxicated, and the failure of the defendant to label the package as required by law, and all this with full knowledge upon the defendant's part of Ronker's habits and condition, and that he was not capable of knowing the effects of the deadly drug while in said state of intoxication, defendant has been guilty of causing the death of said Ronker, to her damage in the sum of $10,000, which she seeks to recover.

To this petition the defendant filed his general demurrer, " that the allegations of the petition are not sufficient to constitute a cause of action against him." This demurrer the trial court sustained, and the plaintiff not desiring to amend her petition or to plead further, it was adjudged that the petition be dismissed and the defendant go hence without day, and the plaintiff pay the costs.

The plaintiff seeks to reverse the judgment of the common pleas, and assigns for cause, in substance, that the judgment of the trial court is contrary to law, and that the court erred in sustaining the demurrer to her said petition.

The acts of negligence charged in the petition and upon which plaintiff relies to fix liability of the defendant are, that defendant sold the poison to Ronker, while he, Ronker, was in a state of intoxication, of which condition defendant then had knowledge; and that defendant failed and neglected to place upon the package the cautionary label required by the statute.

Selling the poison to Ronker while he was in the condition described in the petition, with knowledge upon defendant's part that he was intoxicated, could not of itself have caused Ronker's death, and failing to put the label upon the package which the law required, did not of itself directly contribute to that result; and neither the one, nor the other, or both, as here pleaded, could have resulted in Ronker's death, or even injury. While the selling or act of sale under the circumstances recited and the failure to place the label on the package may have been, both in commission and omission, wrongful acts, yet the petition discloses that there intervened the act of decedent himself, which stands next and nearest to his death. That the proximate act, that which was the closest and proximate cause, and without which death would not have resulted, and in the absence of which the sale and failure to label would have been harmless so far as affects the consequences for which plaintiff seeks to recover, was the taking of the poison, self-administered by Ronker, not

induced by defendant, not compelled by him, not with his knowledge or advice or consent, but the voluntary or involuntary act of Ronker himself, in which defendant had no part.

While the petition makes averment that the defendant knew Ronker was so intoxicated that he did not know the effect of the drug, the pleading falls short of making averment that Ronker's condition at the time of the sale was such that he did not in fact know the effect of strychnine when introduced into the human stomach. Neither does it make declaration that when he took it he was not aware of his act. But be that as it may, the act of the defendant of which plaintiff complains could in nowise, as stated in this petition, be held answerable as the proximate cause of death.

The case at bar bears no semblance to the illustration of putting a razor in the hands of an infant, or of a drunken man in front of a locomotive with the eye of the engine driver upon him. In either of the instances quoted a reasonable man would anticipate but one result: to the infant the natural and probable consequences would be bodily harm; to the drunken man on the railroad track the inevitable result would be, unless the locomotive was stopped, that the machine would pass over the drunken man's body. In these illustrations the inevitable consequences are present and apparent. But not so here. This petition does not put St. John in a position in which a reasonably prudent man under similar circumstances would have anticipated the result. It does not follow as a consequence, and it is not to be expected, nor foreseen, nor suspicioned, from the fact of intoxication alone, that an intoxicated man who gets possession of strychnine will take it. It is not an act which so often occurs as to warn a prudent man to beware of its probability. This petition says that deceased was in mental condition to apply for the purchase of that drug in the ordinary matter in which business of that character is transacted; so he was not entirely devoid of mental equipoise. He knew what he wanted, and bought it. So that a label would not have extended his information as to what he was buying or had bought.

Aside from the fact that Ronker was intoxicated, and might carelessly dispose of or place the package so as to injure others, there was nothing to call upon defendant to anticipate evil consequences from the sale or from the failure to label the package; but this danger and the evil result of these possible acts of deceased, which defendant ought to have guarded against, is not the injury complained of here.

Deceased was intoxicated and used the poison against his own life, and because he did so plaintiff seeks to hold defendant liable. If death had not ensued, but injury merely to Ronker, could he have maintained his action and have recovered? Was he not guilty of negligence in putting himself in condition to thus hurt himself with the means thus placed in his hands by the defendant, because without his own act in becoming intoxicated and in administering poison to himself, as pleaded by this petition, no injury would have resulted to him from the act of the defendant?

We are of the opinion that the acts of the deceased, his own negligent acts, were the proximate cause of his death, and that they were independent acts, not dependent upon the sale or the failure of the defendant to label, but were substantive acts and proximate acts which intervened and broke any possible causal connection between the acts of

the defendant and the death of Ronker, and rendered the sale and failure to label remote acts.

With this view we find no error in the record to the prejudice of plaintiff in error. The judgment of the common pleas is affirmed at costs of plaintiff in error, and the case is remanded for execution.